UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

No. 26-1252
(1:25-cv-02067-PTG-LRV)

———————————————

NETCHOICE

Plaintiff - Appellee

v.

JAY JONES, in his official capacity as Attorney General of the Commonwealth of
Virginia

Defendant - Appellant

———————————————

O R D E R

———————————————

Jay Jones, attorney general of Virginia, filed the subject motion for stay of
preliminary injunction pending appeal. In 2025, Virginia passed SB 854, a law
restricting minors' access to social media internet sites. The law was set to begin
enforcement on January 1, 2026. NetChoice, an advocacy group representing the

interests of social media companies, filed a pre-enforcement motion for a preliminary injunction, arguing the law is a facial violation of the companies' and its users' First Amendment rights. The district court granted the preliminary injunction and stayed enforcement of the Virginia law.

We deny Jones' motion for failure to comply with Federal Rules of Appellate Procedure 8(a)(2)(A)(i). Rule 8 requires Jones to "show that moving [for a stay pending appeal] first in the district court would be impracticable." FED. R. APP. P. 8(a)(2)(A)(i). Here, Jones did not file a stay motion with the district court, and the district court neither entertained proceedings past the preliminary injunction nor commented on the actual or potential merits of any possible stay motion.

As explanation for filing first with this court, Jones cites two non-analogous out-of-circuit cases. The first, from the Ninth Circuit, presents a different procedural circumstance because in the present case there was no additional district court hearing or order after the preliminary injunction that may have indicated returning to the district court would have been futile. *See Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 815 n.22 (9th Cir. 2025). The second, from the Eleventh Circuit, also presents a different procedural history, with the district court there specifically stating it would not stay its injunction pending appeal. *See Computer & Commc'ns Indus. Ass'n v. Uthmeier*, No. 4:24-CV-438-MW/MAF, 2025 WL 1570007, at *20 (N.D. Fla. June 3, 2025).

Beyond these two non-analogous citations, Jones does not explain *why*

moving for a stay in the district court would be futile.  That lack of a showing is enough under the federal rules to deny the motion.

Entered at the direction of Judge Benjamin with the concurrence of Judge Wilkinson and Judge Gregory.

For the Court

/s/ Nwamaka Anowi, Clerk