**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

NETCHOICE,

        *Plaintiff*,

v.

JAY JONES, in his official capacity as Attorney General of the Commonwealth of Virginia,

        *Defendant.*

Civil Action No. 1:25-cv-02067

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

Defendant Jay Jones, in his official capacity as Attorney General of the Commonwealth of Virginia ("Defendant"), by counsel, answers and responds to Plaintiff NetChoice's ("NetChoice") Complaint as follows:

### <u>INTRODUCTION</u>

1. Defendant admits that debates about the harmful effects of social media on children are important and that Virginia may take part in those debates. Paragraph 1 also includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that Virginia has an interest in protecting minors in the Commonwealth who use social media platforms. Paragraph 2 also includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations.

1

Defendant denies the remaining allegations in Paragraph 2, including NetChoice's characterization of the cases cited in the paragraph. The cited cases speak for themselves.

3. Paragraph 3 includes legal conclusions that do not require a response. The text of SB 854[1] and the case cited in this paragraph speak for themselves, and Defendant denies NetChoice's characterization of those authorities. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 5.

6. Paragraph 6 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 6.

## THE PARTIES

7. Defendant admits that NetChoice is a trade association for internet companies and that its members include YouTube, Meta Platforms, Inc., Reddit Inc., and Dreamwidth Studios, LLC, among others. The remainder of Paragraph 7 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 7.

8. Defendant admits that this action was originally filed against the Honorable Jason Miyares in his official capacity as then Attorney General of Virginia. Defendant avers that on

---

[1] Defendant uses "SB 854" as a shorthand for the statutory amendments the bill contained, which are now codified in Virginia Code §§ 59.1-575 and 59.1-577.1.

2

January 20, 2026, NetChoice filed a notice substituting the Honorable Jay Jones for the Honorable Jason S. Miyares as the party-defendant, following the January 17, 2026 inauguration of Jay Jones as Attorney General of Virginia. Dkt. 37. Defendant admits that Virginia Code § 59.1-584(A) gives the Attorney General the exclusive authority to enforce the statutory provisions amended by SB 854. Defendant further admits that NetChoice seeks declaratory and injunctive relief against the Attorney General in his official capacity but denies that NetChoice is entitled to any such relief.

9. Paragraph 9 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 9.

10. Paragraph 10 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 10. Defendant specifically asserts that NetChoice lacks the requisite standing to bring this matter.

11. Paragraph 11 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 11.

### BACKGROUND

12. Defendant admits that NetChoice is a trade association for internet companies and that users may access information on and communicate about a variety of subjects on social media platforms. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore denies those allegations.

13. Defendant admits that minors access websites, and that websites exist for a variety of sources. Paragraph 13 includes legal conclusions that do not require a response. To the extent

a response is required, Defendant denies those allegations. The sources cited in Paragraph 13 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 13 and therefore denies the allegations.

14. Defendant admits that there are debates about the harmful effects of excessive social media use on children. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14 and therefore denies the allegations.

15. The sources cited in Paragraph 15 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 and therefore denies the allegations.

16. The sources cited in Paragraph 16 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16 and therefore denies the allegations.

17. Defendant admits that Virginia has legitimate concerns with the harms that social media platforms cause to the Commonwealth's children. Paragraph 17 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 17 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases. Defendant denies any remaining allegations in Paragraph 17.

18. Paragraph 18 includes legal conclusions that do not require a response. To the

extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 18 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases. Defendant denies any remaining allegations in Paragraph 18.

19. Defendant admits that various industries have developed rating systems; it otherwise lacks sufficient knowledge or information to form a belief about the truth of NetChoice's allegation that "[t]he movie, music, and video game industries . . . have all developed sophisticated ratings systems to assist parents." Defendant thus denies the remaining allegations in Paragraph 19.

20. Defendant admits that some social media platforms have developed some voluntary tools, but it lacks knowledge as to what tools and uses Paragraph 20 refers to and therefore denies those allegations.

21. The sources cited in Paragraph 21 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 21 and therefore denies the allegations.

22. The sources cited in Paragraph 22 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22 and therefore denies the allegations.

23. The sources cited in Paragraph 23 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 23 and therefore denies the allegations.

24. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24 and therefore denies the allegations.

25. The sources cited in Paragraph 25 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25 and therefore denies the allegations.

26. The source cited in Paragraph 26 speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with that source. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26 and therefore denies the allegations.

27. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 and therefore denies the allegations.

28. Defendant admits that Facebook and Instagram have various features whose stated purpose is to filter particular types of content, but Defendant lacks knowledge regarding their efficacy. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28 and therefore denies the allegations.

29. The source cited in Paragraph 29 speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with that source. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29 and therefore denies the allegations.

30. The sources cited in Paragraph 30 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with the source. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph

30 and therefore denies the allegations.

31. The source cited in Paragraph 31 speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with that source. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 and therefore denies the allegations.

32. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32 and therefore denies the allegations.

33. The source cited in Paragraph 33 speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with that source. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 33 and therefore denies the allegations.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34 and therefore denies the allegations.

35. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35 and therefore denies the allegations.

36. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 and therefore denies the allegations.

## VIRGINIA SENATE BILL 854

37. Defendant admits that Virginia approved SB 854 in May 2025. Defendant denies the remaining allegations in Paragraph 37.

38. The text of SB 854 speaks for itself, and Defendant denies NetChoice's characterization of SB 854 to the extent it is inconsistent with the statutory text.

39. The text of SB 854 speaks for itself, and Defendant denies NetChoice's

characterization of SB 854.  Defendant denies any remaining allegations in Paragraph 39.

40.	Defendant admits that SB 854 directs social media platforms to adopt commercially reasonable methods of identifying child users under the age of 16.  The text of SB 854 and the cited source speak for themselves, and Defendant denies NetChoice's characterization of those sources to the extent it is inconsistent with the sources.  Defendant denies any remaining allegations in Paragraph 40.

41.	The text of SB 854 speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with the statutory text.  Defendant denies any remaining allegations in Paragraph 41.

42.	The text of SB 854 speaks for itself, and Defendant denies NetChoice's characterization of SB 854.  Defendant denies any remaining allegations in Paragraph 42.

43.	The text of Virginia Code § 59.1-584(A) speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with the statutory text.

44.	Defendant admits that SB 854 took effect on January 1, 2026.

<u>**IMPACT ON NETCHOICE MEMBERS**</u>

Defendant denies any allegations contained in the unnumbered heading titled "Impact on NetChoice Members."

45.	Defendant denies the allegations in Paragraph 45.

46.	Paragraph 46 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 46 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases.  Defendant denies any remaining allegations in Paragraph 46.

47.	Paragraph 47 includes legal conclusions that do not require a response.  To the

extent a response is required, Defendant denies the allegations. The sources cited in Paragraph 47 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant denies any remaining allegations in Paragraph 47. Defendant denies that NetChoice has Article III standing to challenge SB 854.

48. Paragraph 48 alleges a financial burden on NetChoice's members, but fails to identify the members or the amount of the burden. Defendant lacks sufficient knowledge or information to form a belief about the truth of the vague allegations and denies them. Further, Paragraph 48 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 48.

49. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49 and therefore denies the allegations.

50. Defendant admits that YouTube is a website accessible to the public. The sources cited in Paragraph 50 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with the sources.

51. Defendant specifically admits that YouTube likely has users in Virginia who are under 16 years old. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 51 and therefore denies those allegations.

52. Defendant admits that YouTube does not currently restrict minors under age 16 from accessing its website for more than one hour per day. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 52 and therefore denies the allegations.

53. Defendant admits that YouTube does not exclusively provide email or direct

messaging services, and that content available on YouTube is user-generated. Defendant lacks sufficient knowledge or information to form a belief about whether the "vast majority" of the content on YouTube is user-generated and therefore denies that allegation. Defendant otherwise denies the allegations in Paragraph 53.

54. Paragraph 54 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The sources cited in Paragraph 54 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant further denies that NetChoice has standing to challenge SB 854 on YouTube's behalf. Defendant denies any remaining allegations in Paragraph 54.

55. The cases cited in Paragraph 55 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations and therefore denies them.

56. Paragraph 56 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. The sources cited in Paragraph 56 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 56 and therefore denies those allegations.

57. Paragraph 57 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 57 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant denies any remaining allegations in Paragraph 57.

58. Defendant admits that Dreamwidth is a member of NetChoice. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58 and therefore denies the allegations.

59. Defendant admits that Dreamwidth is a website accessible to the public. The sources cited in Paragraph 59 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources.

60. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60 and therefore denies the allegations.

61. Defendant admits that Dreamwidth does not currently restrict minors under age 16 from accessing its website for more than one hour per day. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61 and therefore denies the allegations.

62. Defendant admits that much of the content available on Dreamwidth is user-generated. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62 and therefore denies the allegations.

63. Paragraph 63 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations. Defendant further denies that NetChoice has standing to challenge SB 854 on Dreamwidth's behalf. Defendant denies any remaining allegations in Paragraph 63.

64. The cases cited in Paragraph 64 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases. Defendant otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64 and therefore denies the allegations.

65. Paragraph 65 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. The sources cited in Paragraph 65 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 65 and therefore denies those allegations.

66. Paragraph 66 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 66.

67. Defendant specifically admits that Meta Platforms, Inc. is a member of NetChoice and operates Facebook and Instagram. Defendant further admits that Facebook and Instagram each appear to qualify as a "social media platform" under SB 854.

68. Defendant admits the allegations in Paragraph 68.

69. Defendant admits that Facebook and Instagram likely have users in Virginia who are under 16 years old. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 69 and therefore denies those allegations.

70. Defendant admits that Facebook and Instagram do not currently restrict minors under the age of 16 from using their platforms for more than one hour per day.

71. Defendant admits that email or direct messaging is not the exclusive function of Facebook or Instagram, that the two platforms do not consist primarily of content preselected by the provider or interactive gaming, and that much of the content available on Facebook and Instagram is user-generated. Defendant lacks sufficient knowledge or information to form a belief about whether the "vast majority" of the content on Facebook or Instagram is user-generated and

therefore denies that allegation.  Defendant otherwise denies the allegations in Paragraph 71.

72.     Paragraph 72 contains a legal conclusion that does not require a response.  To the extent a response is required, Defendant denies the allegations.  Defendant further denies that NetChoice has standing to challenge SB 854 on Meta's behalf.  Defendant denies any remaining allegations in Paragraph 72.

73.     The cases cited in Paragraph 73 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 73 and therefore denies the allegations.

74.     Paragraph 74 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies those allegations.  The sources cited in Paragraph 74 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 74 and therefore denies the allegations.

75.     Paragraph 75 contains legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  Defendant denies any remaining allegations in Paragraph 75.

76.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76 and therefore denies the allegations.

77.     Defendant admits that Reddit is a website accessible to the public.  The source cited in Paragraph 77 speaks for itself, and Defendant denies NetChoice's characterization to the extent it is inconsistent with that source.

78. Defendant admits that Reddit likely has users in Virginia who are under the age of 16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 78 and therefore denies those allegations.

79. Defendant admits that Reddit does not currently restrict minors under the age of 16 from accessing its website for more than one hour per day.

80. Defendant admits that Reddit does not exclusively provide email or direct messaging services, that it does not consist primarily of content preselected by the provider or interactive gaming, and that much of the content available on Reddit is user-generated. Defendant lacks sufficient knowledge or information to form a belief about whether the "vast majority" of the content on Reddit is user-generated and therefore denies that allegation. Defendant otherwise denies the allegations in Paragraph 80.

81. Paragraph 81 contains a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations. Defendant further denies that NetChoice has standing to challenge SB 854 on Reddit's behalf. Defendant denies any remaining allegations in Paragraph 81.

82. The cases cited in Paragraph 82 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those cases. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 82 and therefore denies the allegations.

83. Paragraph 83 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. The sources cited in Paragraph 83 speak for themselves, and Defendant denies NetChoice's characterization to the extent it is inconsistent with those sources. Defendant lacks sufficient knowledge or information to form a

belief about the truth of the remaining allegations in Paragraph 83 and therefore denies the allegations.

84.     Paragraph 84 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies those allegations. The cases cited in Paragraph 84 speak for themselves, and Defendant denies NetChoice's characterization of those cases. Defendant denies any remaining allegations in Paragraph 84.

## CLAIMS FOR RELIEF

Defendant denies any allegations contained in the unnumbered heading titled "Claims for Relief" and denies that NetChoice is entitled to any of the relief requested.

## COUNT ONE

85.     Defendant re-alleges and incorporates by reference his responses to the preceding paragraphs and allegations as though fully set forth herein.

86.     Paragraph 86 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 86 speak for themselves. Defendant denies any remaining allegations in Paragraph 86.

87.     Paragraph 87 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The case cited in Paragraph 87 speaks for itself. Defendant denies any remaining allegations in Paragraph 87.

88.     Paragraph 88 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 88 speak for themselves. Defendant denies any remaining allegations in Paragraph 88.

89.     Paragraph 89 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 89

speak for themselves.  Defendant denies any remaining allegations in Paragraph 89.

90.    Defendant admits that the government may participate in debates about when and how minors may engage in speech, consistent with the government's interest in protecting its children.  The remainder of Paragraph 90 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 90 speak for themselves.  Defendant denies any remaining allegations in Paragraph 90.

91.    The cases cited in Paragraph 91 speak for themselves, and Defendant denies NetChoice's characterization of those cases.  Defendant otherwise denies the allegations in Paragraph 91.

92.    Paragraph 92 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  Defendant denies any remaining allegations in Paragraph 92.

93.    Defendant denies NetChoice's characterization of the cases cited in Paragraph 93. Those cases speak for themselves.  The remainder of Paragraph 93 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 93.

94.    Paragraph 94 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The case cited in Paragraph 94 speaks for itself.  Defendant denies any remaining allegations in Paragraph 94.

95.    Defendant denies NetChoice's characterization of the cases cited in Paragraph 95. Those cases speak for themselves.  The remainder of Paragraph 95 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 95.

96. Paragraph 96 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The case cited in Paragraph 96 speaks for itself. Defendant denies any remaining allegations in Paragraph 96.

97. Paragraph 97 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 97 speak for themselves. Defendant denies any remaining allegations in Paragraph 97.

98. Paragraph 98 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 98 speak for themselves. Defendant denies any remaining allegations in Paragraph 98.

99. Paragraph 99 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The case cited in Paragraph 99 speaks for itself. Defendant denies any remaining allegations in Paragraph 99.

100. Paragraph 100 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 100 speak for themselves. Defendant denies any remaining allegations in Paragraph 100.

101. Paragraph 101 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 101 speak for themselves. Defendant denies any remaining allegations in Paragraph 101.

102. Paragraph 102 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 102 speak for themselves. Defendant denies any remaining allegations in Paragraph 102.

103. Paragraph 103 includes legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 103

speak for themselves.  Defendant denies any remaining allegations in Paragraph 103.

104.    Paragraph 104 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 104 speak for themselves.  Defendant denies any remaining allegations in Paragraph 104.

105.    Paragraph 105 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 105 speak for themselves.  Defendant denies any remaining allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.  The cases cited in Paragraph 106 speak for themselves.

107.    Paragraph 107 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The sources cited in Paragraph 107 speak for themselves.  Defendant denies any remaining allegations in Paragraph 107.

108.    Defendant specifically denies NetChoice's statement that states lack "an important interest in protecting minors from alleged 'addiction' to social media."  Virginia possesses an important interest in protecting minors from addition to social media.  The remainder of Paragraph 108 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The sources cited in Paragraph 108 speak for themselves.  Defendant denies any remaining allegations in Paragraph 108.

109.    Paragraph 109 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The case cited in Paragraph 109 speaks for itself.  Defendant denies any remaining allegations in Paragraph 109.

110.    Paragraph 110 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 110

18

speak for themselves.  Defendant denies any remaining allegations in Paragraph 110.

111.    Paragraph 111 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The case cited in Paragraph 111 speaks for itself.  Defendant denies any remaining allegations in Paragraph 111.

112.    Paragraph 112 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 112 speak for themselves.  Defendant denies any remaining allegations in Paragraph 112.

113.    Paragraph 113 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The case cited in Paragraph 113 speaks for itself.  Defendant denies any remaining allegations in Paragraph 113.

114.    Paragraph 114 includes legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  Defendant denies any remaining allegations in Paragraph 114.

115.    Defendant denies the allegations in Paragraph 115.

**COUNT TWO**

116.    Defendant re-alleges and incorporates by reference his responses to the preceding paragraphs and allegations as though fully set forth herein.

117.    Paragraph 117 contains legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 117 speak for themselves.  Defendant denies any remaining allegations in Paragraph 117.

118.    Paragraph 118 contains legal conclusions that do not require a response.  To the extent a response is required, Defendant denies the allegations.  The cases cited in Paragraph 118 speak for themselves.  Defendant denies any remaining allegations in Paragraph 118.

119. Paragraph 119 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 119 speak for themselves. Defendant denies any remaining allegations in Paragraph 119.

120. Paragraph 120 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 120 speak for themselves. Defendant denies any remaining allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

## COUNT THREE

122. Defendant re-alleges and incorporates by reference his responses to the preceding paragraphs and allegations as though fully set forth herein.

123. Paragraph 123 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 123 speak for themselves. Defendant denies any remaining allegations in Paragraph 123.

124. Paragraph 124 contains legal conclusions that do not require a response. To the extent a response is required, Defendant lacks sufficient knowledge or information about the truth of the allegations in Paragraph 124 and therefore denies them. The cases cited in Paragraph 124 speak for themselves.

125. Defendant denies that the reasonable method taken to protect the Commonwealth's youth "threaten[s] to fragment the Internet . . . ." Defendant further denies the remaining allegations in Paragraph 125. The cases cited in Paragraph 125 speak for themselves.

126. Paragraph 126 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 126 speak for themselves. Defendant denies any remaining allegations in Paragraph 126.

20

127. Paragraph 127 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. The cases cited in Paragraph 127 speak for themselves. Defendant denies any remaining allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128, including NetChoice's characterization of the cases cited in the paragraph. Those cases speak for themselves.

129. Virginia denies that it is regulating wholly out of state activity. Paragraph 129 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations. Defendant denies any remaining allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

## COUNT FOUR

131. Defendant re-alleges and incorporates by reference his responses to the preceding paragraphs and allegations as though fully set forth herein.

132. Defendant denies the allegations in Paragraph 132. The cases cited in Paragraph 132 speak for themselves.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

## COUNT FIVE

135. Defendant re-alleges and incorporates by reference his responses to the preceding paragraphs and allegations as though fully set forth herein.

136. Paragraph 136 contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 136. Defendant denies any remaining allegations in Paragraph 136.

137. Paragraph 137 contains a legal conclusion that does not require a response. To the

extent a response is required, Defendant denies the allegations in Paragraph 137. The statutes cited in the paragraph speak for themselves. Defendant denies any remaining allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138.

## PRAYER FOR RELIEF

The paragraphs under the section of the Complaint titled "Prayer for Relief" do not require a response. To the extent a response is required, Defendant denies the allegations contained in numbered paragraphs 1 through 5 of that section and denies that NetChoice is entitled to any of the relief requested.

## GENERAL DENIAL

Any allegation not specifically admitted or responded to herein is denied. To the extent any claim for recovery, relief, costs, or fees of any type is alleged, Defendant denies any and all liability, and further denies that NetChoice is entitled to recovery, relief, costs, or fees of any type or any amount whatsoever.

## DEFENSES

Defendant asserts the following defenses without admitting any of the allegations in the Complaint that Defendant has denied and without assuming any burden of proof that Defendant would not otherwise bear. Defendant reserves the right to amend his Answer and Defenses to add defenses, including affirmative defenses, as litigation in this action proceeds.

### First Defense

NetChoice lacks Article III standing to bring this action, and the Court therefore lacks subject matter jurisdiction over this action.

## Second Defense

NetChoice lacks standing to assert the rights of third parties in this action.

## Third Defense

NetChoice fails to state any claim upon which relief may be granted. NetChoice's pleading is devoid of facts and, where it attempts to assert facts, relies on generalities that lack sufficient detail to ascertain the true nature of their claims. Further, SB 854 is constitutional, content neutral, withstands both strict and intermediate scrutiny, and is tailored to address Virginia's compelling interest in protecting its youth from serious mental health challenges.

## Fourth Defense

Neither NetChoice nor other third parties have been deprived of any rights under the United States Constitution.

## Fifth Defense

NetChoice is unable to establish the elements required for facial relief.

## Sixth Defense

NetChoice is unable to establish the elements required for injunctive relief.

Having fully answered NetChoice's Complaint, Defendant requests that this Court dismiss the Complaint with prejudice and order NetChoice to pay costs and reasonable attorney's fees.

Dated: May 14, 2026

Respectfully submitted,

**JAY JONES, in his official capacity as Attorney General of the Commonwealth of Virginia**

Tillman J. Breckenridge
SOLICITOR GENERAL
OFFICE OF THE ATTORNEY GENERAL

Triston Chase O'Savio (VSB. 100111)
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, VA 23219
T: 804.845.4898
tosavio@oag.state.va.us

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch (VSB No. 70116)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, Virginia 23510
T: 757.640.3727
F: 757.640.3947
bhatch@mcguirewoods.com

Erin B. Ashwell (VSB No. 79538)
John D. Adams (VSB No. 65203)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
T: 804.775.1002
F: 804.698.2002
eashwell@mcguirewoods.com
jadams@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 14th day of May, 2026, a true and correct copy of the foregoing was served on all registered counsel of record via Notice of Electronic Filing through the Court's CM/ECF system.

.

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch (VSB No. 70116)