**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| NETCHOICE,<br><br>*Plaintiff,*<br><br>v.<br><br>JAY JONES, in his official capacity as Attorney General of the Commonwealth of Virginia,<br><br>*Defendant.* | Case No. 1:25-cv-02067-PTG-LRV |

**STIPULATED PROTOCOL REGARDING DISCOVERY OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

The parties in the above-captioned matter (the "**Parties,**" collectively, and a "**Party,**" individually) having agreed to the following terms regarding discovery of hard copy documents and electronically stored information ("**ESI**"), the following terms and conditions (this "**ESI Protocol**") shall govern the collection and production of hard copy documents and ESI requested or produced in this matter (the "**Litigation**").

## I. GENERAL PROVISIONS

A. The Parties shall take reasonable steps to comply with the procedures set forth in this ESI Protocol.

B. The term "Producing Party" refers to any Party or non-party that has (1) received a request for documents and/or (2) produced documents in this Litigation. The term "Receiving Party" refers to any Party that has (1) requested documents or (2) received documents in this Litigation. A Party or non-party is a Producing Party with respect to documents it has produced

or has been requested to produce, and a Party is a Receiving Party with respect to documents it has requested or received.

C. "Documents" and "ESI" refers to discoverable documents and data, existing in hard copy or electronic form consistent with Federal Rule of Civil Procedure 34, including by way of example and not by way of limitation (where relevant and not privileged or subject to other objection) emails and any attachment thereto (including hyperlinked attachments); memoranda; calendars; diaries; minutes; voicemails; text messages (including SMS messages and iMessages); removable computer storage; databases; spreadsheets; images; word processing documents; and any other reasonably accessible electronically stored information relevant to the claim(s) or defense(s) of any Party subject to discovery pursuant to Federal Rule of Civil Procedure 26(b)(1).

D. This ESI Protocol applies to documents produced or disclosed in the Litigation, regardless of whether they were produced by a Party or a non-party, or whether they were produced pursuant to Federal Rule 26(a)(1) or in response to formal or informal discovery requests under Federal Rules 16, 33, 34, or 45. This ESI Protocol shall apply to any discovery produced pursuant to any phased discovery plan.

E. This ESI Protocol shall not enlarge, reduce, or otherwise affect the scope of discovery in this Litigation as provided by the Local Civil Rules, the Federal Rules of Civil Procedure, and the Court's orders, nor imply that documents produced under the terms of this ESI Protocol are discoverable, relevant, or admissible in this Litigation or any other action.

F. Nothing in this ESI Protocol shall be interpreted to require disclosure of documents that a Party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege that may be applicable. Except where stated otherwise, nothing in this ESI Protocol shall be deemed to waive or limit any Party's right

to object to (and on that basis withhold) the production of documents, seek relief from the production of documents, move for a protective order on the ground that documents are not reasonably accessible because of undue burden or cost, or move to compel on the ground that there is good cause for a document's production.

G. The production of ESI by the Parties shall be subject to the provisions of orders concerning confidentiality or privilege as agreed to among the Parties and/or entered by the Court.

H. The Parties agree to promptly alert all other parties to this Litigation concerning any technical problems associated with complying with this ESI Protocol. To the extent a Party determines that compliance with this ESI Protocol imposes an undue burden, the Parties shall promptly confer in an effort to resolve the issue.

I. The Parties are expected to use reasonable, good-faith, and proportional efforts to preserve, identify, and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues.

J. This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

## II. PRODUCTION OF HARD COPY DOCUMENTS

Except as otherwise noted herein, hard copy documents, if any, will be produced as detailed in this section. In scanning hard copy documents, multiple distinct documents should be scanned as they are maintained and stored in the ordinary course. The Producing Party shall provide optical character recognition "OCR" text for hard copy documents scanned for production. OCR is to be performed on a document level and provided in document-level *.txt files named to match the production number of the first page of the document to which the OCR text corresponds. In the case of an organized compilation of separate documents—for example, a binder containing several

separate documents behind numbered tabs—the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in the metadata fields.

## III. PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Except as otherwise noted herein, ESI, if any, will be produced as detailed in Section VII below. In addition, all ESI will be produced with a delimited database load file containing the metadata fields listed in Section VII below and captured at the time of the collection. Due to the contextual relationship of electronic documents, the Parties will maintain family relationships for electronic data. If any document in a document family is responsive to a document request (*e.g.*, an attachment to an email), each document in the family shall be produced without regard to whether it is independently responsive (subject to the redaction and privilege provisions described herein), with the exception of nonresponsive hyperlinked attachments in a family, which need not be produced. If a document family contains a document that is wholly privileged, it may be replaced by a slipsheet. The Parties will make responsiveness and production determinations for hard copy documents at the document level.

## IV. PRODUCTION OF STRUCTURED DATA SOURCES

To the extent discoverable ESI is contained in structured data sources, the Parties will meet and confer to discuss the most appropriate and cost-effective production format, which may include an export of data or the creation of a report. All exports of data or reports will be produced in native format (csv file, excel file, or other agreed format).

## V. PRODUCTION OF MEDIA

A. The Parties shall take reasonable steps to comply with the procedures set forth in this ESI Protocol.

B. Documents shall be exchanged through secure file transfer protocols, electronic transfer, shared drive, or via similar secure electronic transmission. If necessary due to size or the content being produced, Documents can also be exchanged on DVD-ROMs, CD-ROMs, USB drives, or portable hard drives. Such production media shall be labeled with the Volume Number and the Bates Number range(s) of the materials shall be provided in an accompanying letter or email.

## VI. PROCESSING SPECIFICATIONS

A. The Parties shall take reasonable steps to comply with the procedures set forth in this ESI Protocol.

B. Redactions: No redactions will be made to responsive documents or to their respective metadata fields if applicable (e.g., personal information in to, cc, bcc metadata fields) except to redact privileged information or personal information that may be protected by local privacy regulations. If, during the course of discovery, the Parties identify other kinds of information that any Party has a reasonable basis for redacting, the Parties will meet and confer and shall seek relief pursuant to Local Civil Rule 37 if the Parties are not otherwise able to reach an agreement suitable to all Parties. Redactions may be applied to documents produced in native format (opposed to first converting such documents to image format).

C. Time Zones: Each Party's ESI should be processed using a consistent time zone for all data of that Party. Upon request by any of the Parties, any Producing Party shall notify the Party making the request of the time zone utilized for the processing of their data.

D. Deduplication: A Producing Party is only required to produce a single copy of a responsive document and a Producing Party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For emails with attachments, the hash value shall be generated based on the parent-child document grouping. Deduplication shall

not break apart families. However, metadata identifying all custodians in possession of each document that is removed as a duplicate must be produced in the "CUSTODIAN" or "DUPLICATE CUSTODIAN" or Duplicate Folder/Path field in the production load file subject to any exceptions provided in Section VII below.

E. Email Thread Analysis: Email thread analysis may be used by either Party to reduce the volume of emails reviewed and produced. The produced emails must include all of the responsive ESI and documents from a thread, including attachments and associated metadata for each email within a thread. A Party may request the production of less inclusive versions of documents that have been produced via thread analysis if the Party reasonably concludes that such production is necessary. The Parties agree to meet and confer in good faith with respect to any such request.

## VII. PRODUCTION FORMAT

A. The Parties shall take reasonable steps to comply with the procedures set forth in this ESI Protocol.

B. Format. ESI and non-ESI shall be produced to the Requesting Party both as searchable PDF files as well as searchable text and image files in black-and-white format, except as provided in Sections VII.B and VII.C. When a text-searchable image file is produced, the Producing Party must preserve the integrity of the underlying ESI, i.e., the original formatting and metadata, to the extent such metadata exists. The Parties shall produce their searchable text and image files in the following format: single-page, group IV, 300 DPI, B/W TIF images or color JPG images and associated multipage text files containing extracted text, when available and the record is not redacted, OCR text to be provided if the document is redacted, Concordance and Opticon image load files containing all requisite information including relevant metadata.

C. Native Files. The only files that should be produced in native format are files not easily converted to PDF or image format, such as Excel files, or files that lack utility when converted to image format, such as structural files. If the request for native files by the Receiving Party imposes an unreasonable or undue burden on the Producing Party, the Producing Party shall notify the Receiving Party of the objection, and the parties shall meet and confer about the issue. The extractable metadata and text shall be produced in the same manner as other documents that originated in electronic form to the extent that metadata exists or is reasonably accessible or available for any files produced.

D. Color. The Parties agree to produce PDFs and TIFFs in black-and-white format, except that (a) documents that are illegible in black-and-white shall be produced in color as JPG/JPEG files and (b) a Producing Party that intends to rely upon a color version of the document in any filing, discovery response, deposition, or trial must produce the document in color as a single-page JPEG or native file (at the Producing Party's discretion). In addition, a Receiving Party may make reasonable, good-faith, and proportional requests for color versions of documents by notifying the Producing Party of the Bates number of the documents that it reasonably anticipates may be needed for filing, discovery response, deposition, or trial or that it contends are illegible in black-and-white. In response to reasonable, good-faith, and proportional requests, a Producing Party shall produce the requested color documents as single-page JPEGs or native files (at the Producing Party's discretion) within five business days of the request or within a timeframe that is mutually agreeable to the Parties.

E. Bates Numbering. Each page of a PDF or tiff produced document will have a legible, unique identifier ("Bates number") assigned and electronically "burned" onto the image. The identifier shall include an alpha prefix along with a fixed number, e.g., ABC00000001. This

format must remain consistent and be placed in the lower right corner of all images so as not to unreasonably obscure any information. No other legend or stamp will be placed on a document image besides confidentiality legends (where applicable) or redactions. Responsive documents in PDF or TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Confidentiality Order in this matter. Each document produced in native format will have its confidentiality designation reflected on the endorsement on the bottom left-hand corner of the PDF or TIFF image slipsheet.

F. Metadata Fields. The Parties are obligated to provide the following metadata for all ESI produced (or the equivalent thereof), to the extent such metadata exists:

| **Field Name** | **Example/Format** | **Description** |
|---|---|---|
| Bates Begin | ABC00000001 (Unique ID) | The Document ID Number associated with the first page of the document |
| Bates End | ABC00000003 (Unique ID) | The Document ID Number associated with the last page of the document |
| Attachment Begin | ABC00000001 (Unique ID Parent-Child Relationships) | The Document ID Number associated with the first page of the parent document |
| Attachment End | ABC00000008 (Unique ID Parent Child Relationships) | The Document ID Number associated with the last page of the last attachment |
| CUSTODIAN | Smith, John | The mailbox here the email resided OR the name of the individual or department from whose files the document originated |
| All Custodians | Smith, John; Jones, Mary | The mailbox where the email resided for any instances of duplicate emails OR the name or departments originally holding any duplicate files |
| PAGES | 3 (Numeric) | The number of pages for a document |
| Date Sent | MM/DD/YYYY | The date the email was sent |
| Time Sent | HH:MM | The time the email was sent |
| Date Created | MM/DD/YYYY | The date the document was created |
| CREATETIME | HH:MM | The time the document was created |
| Date Last Modified | MM/DD/YYYY | The date the document was last modified |
| LASTMODTIME | HH:MM | The time the document was last modified |
| Date Received | MM/DD/YYYY | The date the document was received |
| Time Received | HH:MM | The time the document was received |

| | | |
|---|---|---|
| ACCESSDATE | MM/DD/YYYY | Date the document was last accessed: Native files only |
| ACCESSTIME | HH:MM | Time the document was last accessed: Native files only |
| PRINTEDDATE | MM/DD/YYYY | Date the document was last printed: Native files only |
| PRINTEDTIME | HH:MM | Time the document was last printed: Native files only |
| Processing Time Zone | GMT | The time zone in which the emails were standardized during conversion |
| File Path | i.e. John Smith/E-mail/Inbox | Location of the original document. The source should be the start of the relative path. |
| Author | jsmith | The author of a document from extracted metadata |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata |
| From | John Smith <jsmith@email.com><br>tjones@email.com;<br>(555) 555-5555 | The display name and e-mail or phone number of the author of an e-mail or text message. If only e-mail is given then just list the email address. An email address or phone number should always be provided for every document |
| To | John Smith <jsmith@email.com>;<br>tjones@email.com;<br>(555) 555-5555 | The display name and email or phone number of the recipient(s) of an email or text message. If only email is given then just list the email addresses. An email address or phone number should always be provided for every document |
| CC | John Smith <jsmith@email.com>;<br>tjones@email.com | The display name and email address of the copyee(s) of an email. If only email is given, then just list the e-mail addresses. An email address should always be provided for every document. |
| BCC | John Smith <jsmith@email.com>;<br>tjones@email.com | The display name and email address of the blind copyee(s) of an email. If only email is given then just list the email addresses. An email address should always be provided for every document |
| Email subject | Board Meeting Minutes | The subject line of an email |
| File | EMAIL;<br>TEXT MESSAGE;<br>iMessage | Types of file include E-DOC; E-MAIL; E-MAIL ATTACHMENT; E-MAIL ATTACHMENT (E-MAIL); TEXT MESSAGE |
| Extension | XLS | The file extension of a document. |
| Filename | Document Name.xls | The file name of a document. |
| File Size | 17772.00 (Numeric) | The file size of a document in KB (including imbedded attachments) |
| MD5 Hash | B43149B2C3C196F3F59DC7C70958 8525 | The MD5 Hash value or "de-duplication key" assigned to a document. SHAH1 value is also acceptable |
| Native Path | D:\NATIVES\ABC00000001.xls | The relative path to a native copy of a document. |

| | | |
|---|---|---|
| Text Path | TEXT/001/EDC00000001.txt | Path to the extracted or OCR text of the file |
| Conversation Index | 01D3BABCA0969798E869FAF74E3 2833DF6486355C85D | 54 character alphanumeric field indicating conversation family and specific attachment |
| Message Index | 7f60805e625e4048869df9aacac51b8a @saltpepper.com | The globally unique Internet message identifier of an email message |
| Calendar Begin Date | MM/DD/YYYY | The date the calendar item begins |
| Calendar End Date | MM/DD/YYYY | The date the calendar item ends |
| Date | MM/DD/YYYY | Date of parent document. Should be applied to all family members |
| Calendar Begin Time | HH:MM | The time the calendar item begins |
| Calendar End Time | HH:MM | The time the calendar item ends |
| Redaction | Y | Y/N field indicating the presence of redactions |

However, to the extent that metadata does not exist or is not reasonably available for any documents produced, a Party shall not be required to extract, capture, collect, manually populate, or produce such metadata, with the exception of the following: (a) BEGBATES, (b) ENDBATES, (c) BEGATTACH, (d) ENDATTACH, (e) PRODVOL, (f) ALL CUSTODIANS, (g) CONFIDENTIALITY, (h)REDACTIONS, (i) REDACTION TYPE, (j) HASHVALUE, (k) NATIVEFILEPATH, and (l) TEXTFILEPATH, which should be populated by the Party or the Party's vendor.

## VIII. GOOD FAITH

The Parties shall make their best efforts to comply with and resolve any differences concerning compliance with this ESI Protocol. No Party may seek relief from the Court concerning compliance with the ESI Protocol unless the Party has conferred with all other Parties to the action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: June 24, 2026

Erin E. Murphy (Virginia Bar #73254)
James Y. Xi (*pro hac vice*)
Barrett L. Anderson (*pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
barrett.anderson@clementmurphy.com

*/s/Craig C. Reilly*
Craig Crandall Reilly (Virginia Bar #20942)
LAW OFFICE OF CRAIG C. REILLY
429 North Saint Asaph Street
Suite 501
Alexandria, VA 22314
(703) 549-5355
Fax: (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Plaintiff NetChoice*

Triston Chase O'Savio (VSB. 100111)
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, VA 23219
T: 804.845.4898
tosavio@oag.state.va.us

*/s/Erin B. Ashwell (with permission)*
Benjamin L. Hatch (VSB No. 70116)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, Virginia 23510
T: 757.640.3727
F: 757.640.3947
bhatch@mcguirewoods.com

Erin B. Ashwell (VSB No. 79538)
John D. Adams (VSB No. 65203)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: 804.775.1002
F: 804.698.2002
eashwell@mcguirewoods.com
jadams@mcguirewoods.com

*Counsel for Defendant Jay Jones*

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: June 25, 2026

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge