**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

NETCHOICE,

                *Plaintiff,*

v.

JAY JONES, in his official capacity as
Attorney General of the Commonwealth of
Virginia,

                *Defendant.*

Civil Action No. 1:25-cv-02067

## STIPULATED PROTECTIVE ORDER

Plaintiff NetChoice and Defendant Jay Jones, in his official capacity as Attorney General of the Commonwealth of Virginia (each a "Party" and, collectively, the "Parties"), by consent, and pursuant to Federal Rule of Civil Procedure 26(c), respectfully request that the Court enter this Stipulated Protective Order setting forth the requirements for handling confidential information as defined herein, subject to—and in no way superseding—the additional requirements of Local Civil Rule 5 governing requests to file under seal. For these reasons, and upon good cause being shown, it is hereby ORDERED that:

1.     <u>Purpose</u>. This Stipulated Protective Order (this "Order") is intended to facilitate discovery in this case and to eliminate, where possible, disputes between the Parties and non-parties concerning discovery issues by providing court-ordered protection for confidential, non-public information. It is not, however, intended to diminish the discovery rights of any Party, pursuant to any Federal Rule of Civil Procedure, order of this Court, or other applicable discovery

Rule(s) or order(s). This Order governs the production and exchange of documents and other Discovery Materials in connection with the above-captioned action ("Action") by or between the Parties and by any non-parties, either through the formal discovery process or informally. If discovery is sought from non-parties in connection with this litigation, and such discovery would require a non-party to disclose and/or produce confidential documents or information, that non-party may gain the protections of this Order by designating such documents or information as "Confidential" under this Order thereby agreeing to the processes and procedures set forth in this Order. The Parties hereto will be bound by this Order with respect to all Confidential information produced and designated as such by a non-party. The parties acknowledge that third-parties may request an alternate protective order; Defendant does not concede that such other order will be necessary or appropriate under the circumstances, but the parties agree to defer consideration of those issues until such time as a third-party requests such an order. Plaintiff's stipulation herein is as to itself and is not as to any of its members.

2.    <u>Definitions</u>.

2.1    "Confidential Information" as used herein means private, personal, and/or non-public information designated as "Confidential" by a Party or non-party producing such information ("Producing Party"). Confidential Information may also include, but is not limited to, information that is proprietary business, financial, or other commercially sensitive information, and sensitive personal information, which the Designating Party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

2

2.2    "Party" as used herein means any Party to this Action, including all of a Party's officers, directors, employees, consultants, agents, retained experts, and in-house counsel (and their support staff).

2.3    "Discovery Material(s)" as used herein means all items or information, regardless of the medium or manner generated, stored, or maintained, that are produced in discovery in this Action.

2.4    "Receiving Party" as used herein means a Party that receives Discovery Material from a Producing Party.

2.5    "Producing Party" as used herein means a Party or non-party that produces Discovery Material in this Action.

2.6    "Designating Party" as used herein means a Party or non-party that designates information or items produced in disclosures or in responses to discovery as "Confidential."

2.7    "Protected Material" as used herein means any Discovery Material that is designated "Confidential."

2.8    "Counsel" (without a qualifier) as used herein means external counsel as well as in-house counsel to whom disclosure is reasonably necessary for the prosecution or defense of the Action, including their necessary support staff.

2.9    "Outside Consultant" as used herein means a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by, or at the direction of, a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a current employee of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.10   "Professional Vendors" as used herein means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors, and who are not current employees of a Party or of a competitor of a Party.  This definition includes ESI vendors, professional jury or trial consultants retained in connection with this Action, and mock jurors retained by such consultants to assist them in their work.  Professional Vendors do not include consultants who fall outside the definition of Outside Consultant.

3.   <u>Scope and Applicability</u>.   All documents, materials, items, testimony, and information designated as "Confidential," regardless of whether stored in electronic, paper, or other tangible form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served by either Party or a non-party to or for any of the other Parties, shall be governed by this Order and used only for purposes of this Action and not for any other litigation or business purpose, and shall not be disclosed to anyone except as provided in this Order, absent a specific order by the Court.  This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, independent contractors, or other persons or organizations over which they have control.  The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof.

4.   <u>Designating Protected Material</u>.   Any Producing Party, Receiving Party, or Designating Party that produces or receives Discovery Materials that qualify for protection under

this Order may designate such Discovery Materials as "Confidential," provided such designation is limited to Discovery Materials which the Designating Party has treated and maintained as confidential. Protected Materials must be so designated before or at the time of disclosure or production by the Producing Party, or if designated by a Receiving Party, within seven (7) days of receipt of the Discovery Materials containing the Protected Materials.

4.1 *Information in Documentary Form.* Apart from transcripts of depositions or other pretrial or trial proceedings, the Producing Party shall affix a legend, "Confidential," on each document that contains Protected Material. Unless otherwise indicated, the designation of confidentiality shall apply to the entire document. If only a portion or portions of the document qualifies for protections, the Producing Party also must clearly identify the protected portion(s) being designated as Confidential.

4.2 *Testimony Given in Deposition or in Other Pretrial or Trial Proceedings.* The indiscriminate or wholesale designation of entire deposition transcripts as "Confidential" is not permitted. If, however, a Party or non-party deponent or witness believes, in good faith, that any portion of the testimony in a deposition taken in this Action contains "Confidential Information" information, and that such designation of the information would be consistent with the terms of this Order, then such Party or non-party may designate such information as "Confidential." The Party or non-party deponent or witness offering or sponsoring the testimony shall identify on the record all Protected Material and further specify any portions of the testimony that qualify as "Confidential." When impractical to identify separately each portion of testimony that is entitled to protection, and when substantial portions of the testimony qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke the right to designate the entire testimony or particular topics thereof as "Confidential." Testimony in a

deposition may also be designated "Confidential" by the deponent (if a non-party) or a Party by notifying the court reporter and Counsel in writing within fifteen (15) calendar days of the receipt of the transcript of such deposition or hearing. Until designations have been made or the fifteen (15) day period has expired, whichever occurs first, the entire transcript of all depositions and hearings shall be treated as if designated "Confidential." Any portions so designated shall thereafter be treated in accordance with the terms of this Order. Upon being informed that certain portions of a deposition disclose "Confidential" information, each Party must cause each copy of the transcript in its custody or control to promptly be marked with the appropriate designation.

4.3    *Electronic Documents and Other Electronic Files That Cannot Reasonably be Individually Designated.* The Producing Party producing electronic documents and/or files shall affix the legend "Confidential," as appropriate, to the media containing the Protected Material or shall indicate in writing those documents designated as "Confidential."

4.4    *Information Produced in a Form Other Than Documentary and Other Tangible Items.* The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the Protected Material is stored and produced the legend "Confidential." If only portions of the information or item containing the Protected Material warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

4.5    *Redaction of Confidential Information in Court Filings.* If Confidential Information must be referred to or revealed in any pleadings or briefs filed with the Court, the filing party shall redact the Protected Material in the version of the pleading or brief filed in the public record, and move to file the Protected Material under seal in accordance

6

with Paragraph 9 of this Order. Nothing in this Order, however, shall be construed as superseding or otherwise modifying the procedures governing requests to seal set forth in Local Civil Rule 5. Nor shall any Party be prevented from relying on or referencing Confidential Information in public filings if the Court were to deny a corresponding motion to seal a document.

    4.6    *Designation of Enforcement Materials.* In order to maintain the confidentiality of the Attorney General's investigations into violations of the Virginia Consumer Data Protection Act by non-parties to this action (though they may be members of Plaintiff's trade association) all evidence, testimony, documents or other results of such investigations shall be designated Confidential and shielded from public review or dissemination, except as otherwise provided in this Protective Order.

    5.    <u>Use of Confidential Information</u>. Protected Materials shall be used by a Receiving Party only as permitted in this Order, and not in any other way or for any other purpose.

    6.    <u>Duration</u>. The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

    7.    <u>Persons Entitled to See Protected Materials Designated "Confidential Information."</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Materials designated as "Confidential" only to:

        a.    The Parties to this Action provided that such disclosure is limited to persons actively involved in the Action and to whom disclosure is reasonably necessary for the prosecution or defense of the Action;

7

b.    The Receiving Party's Counsel, as well as employees of such Counsel to whom it is reasonably necessary to disclose the Discovery Materials for this Action;

c.    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to be Bound by Protective Order" in the form attached hereto as Exhibit A;

d.    Deposition and trial witnesses, and counsel for such witnesses, in this action to whom disclosure is reasonably necessary in connection with the testimony of that witness, provided that no witness shall be permitted to retain a copy of any Protected Material used as an exhibit during a deposition or at trial (unless otherwise agreed by the Producing Party or ordered by the Court), and no counsel for any such witness can retain a copy, unless they sign Exhibit A (unless otherwise agreed by the Producing Party or ordered by the Court);

e.    Without limiting sub-paragraph d, each person the document or information identifies as an author, source, or recipient of such document or information, as well as each person who, it is established based on context or otherwise, was privy to such information or document previously;

f.    The Court and its personnel;

g.    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action; and

h.    Any designated mediator or other alternative dispute resolution professional who is assigned to resolve this Action, or who has been selected by the Parties, and his or her staff.

9.    <u>Filing with the Court</u>.  Without written permission of the Designating Party or pursuant to a court order, a Party may not file in the public record in this Action any non-redacted Protected Material designated as "Confidential" by the Designating Party.  A Party intending to file with the Court "Confidential" information designated as such by a Designating Party or received from a Producing Party (in any form whatsoever) shall move to file the "Confidential" information under seal in accordance with Local Civil Rule 5 of this Court.  For the avoidance of doubt, nothing in this Order shall be construed as superseding or otherwise modifying the procedures governing requests to seal set forth in Local Civil Rule 5.  Nor shall any Party be prevented from relying on or referencing Confidential Information in public filings if the Court were to deny a corresponding motion to seal a document.

This Court will evaluate the merits of any such motions to file information under seal, and any objections thereto, on a case-by-case basis.  Nothing in this Order shall restrict the right of a party to rely upon or introduce as evidence at trial information designated as "Confidential" provided that the Party intending to make such disclosure provides the other Party reasonable prior notice sufficient to give the other Party a reasonable opportunity to object and seek relief from the Court and, in all events, subject to such terms as the Court may order.

10.    <u>Continuing Effect/Termination of Litigation</u>.  Within 30 days following the date on which all claims brought in this action have been either reduced to a final, non-appealable order or judgment or dismissed with prejudice, each Party (or Counsel, as applicable), shall assemble and return to the Producing Party all "Confidential" information produced by the Producing Party in documentary or tangible form, or, in the alternative, destroy (with certification of destruction given by Counsel) said information.  Within such 30-day period each Receiving Party shall use

9

good faith and commercially reasonable efforts to delete from its computer systems all electronic records of or that contain the Producing Party's "Confidential" or information. Counsel for a Party may retain copies of "Confidential" information, to include that Confidential Information embedded within (or necessary to the understanding of) Counsel's work product, deposition transcripts, deposition exhibits, trial transcripts, trial exhibits, and expert reports that contain or reflect Confidential Information. For that limited "Confidential Information" that is not destroyed or returned at the conclusion of the Action, the designation and treatment of that "Confidential Information" as "Confidential" shall persist. Notwithstanding the conclusion of this Action, unless the Order is terminated or modified by the Court or by written stipulation of the Parties, it shall remain in effect and the Court shall retain jurisdiction to enforce it.

If Defendant believes it is required to maintain confidential information following the final disposition of this action in order to comply with the Virginia Freedom of Information Act, Defendant shall notify Plaintiff of that belief, and Plaintiff may, at its discretion, seek an order from this Court determining whether such records are exempt from the Virginia Freedom of Information Act. If the Court determines that the records are exempt from the Virginia Freedom of Information Act, Defendant must return or destroy such materials. If, either during or after this action, Defendant is subject to a request under the Virginia Freedom of Information Act that seeks to compel disclosure of any information or items designated in this action as Protected Material, Defendant shall give prompt and reasonable notice to the Designating Party who produced the information or items. If the Designating Party opposes production of the material, Defendant shall not produce the material while the Designating Party pursues a determination from this Court that the material is exempt from the Virginia Freedom of Information Act.

10

11.    <u>Challenging Confidentiality Designations</u>.    If any Party disagrees with the designation of any Discovery Materials or information as "Confidential," such party shall notify the Designating Party and the Parties (to include any Designating Party that is a non-party) then shall attempt in good faith to resolve their dispute before seeking relief from this Court.  The Parties (to include any Designating Party that is a non-party), or Counsel, as applicable, agree that, pending the resolution of any such dispute, they will treat the information subject to such dispute as "Confidential," whichever was designated by the Designating Party, under the terms of this Order.  If the Parties (to include any Designating Party that is a non-party) cannot resolve the dispute, it shall be the obligation of the Party challenging the designation to file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party to establish that the information is, in fact, properly designated.  The Parties recognize that a document or information designated as Confidential under this Order will not necessarily meet the standard for sealing in this Court.

12.    <u>Production of Work Product or Privileged Information or Confidential Discovery Materials Without Designation</u>.  The mere inadvertent production of Discovery Materials which the Producing Party contends is privileged or work-product protected, or which the Producing Party inadvertently failed to designate as Confidential at the time of production, shall not, in and of itself, be deemed a waiver of any privilege, protection, or confidentiality, provided that the Producing Party shall promptly make a specific request (a) for the return of the inadvertently-produced privileged or work-product protected material, or (b) for the opportunity to designate the confidentiality of undesignated Discovery Materials. In the event of a dispute, either Party may seek relief from the Court; however, the Party or non-party making the inadvertent production

11

shall bear the burden of proving that the Discovery Materials at issue should be treated as privileged or work-product protected material, or as Confidential, and that there has not been a waiver. Pending resolution of any such dispute, the Party that received the disputed Discovery Materials shall treat those Discovery Materials as if they had been designated in the manner requested by the producing Party. This provision is in addition to the protections afforded under Rule 502(b) of the Federal Rules of Evidence regarding the inadvertent disclosure of attorney-client privileged or work-product protected information. Moreover, in the event that a waiver of attorney-client privilege or work-product protection has been found due to a disclosure during discovery in this action, this provision constitutes a court order pursuant to Rule 502(d) of the Federal Rules of Evidence that the waiver is not a waiver in any other federal or state proceeding.

13.    Nothing in this Order prevents the Court from keeping a copy of any document for its records.

IT IS SO ORDERED.

ENTERED this 29th day of ___June___, 2026.

_____/s/ LRV_____
Lindsey Robinson Vaala
United States Magistrate Judge

12

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have received a copy of the Stipulated

Protective Order ("Order") entered in the case of *NetChoice v. Jones*, Case No. 1:25-cv-02067,

pending before the United States District Court for the Eastern District of Virginia (the "Court").

By my signature below, I acknowledge that prior to my receipt of any Confidential Information,

designated as "Confidential" as defined in the Order entered by the Court, that I have read the

Order, and agree to comply with and be bound by its terms.  I further acknowledge that I am

subject to the jurisdiction of the Court for the purpose of enforcing the terms of the Order.


Dated: _____        Signature: _____

                                            Print Name: _____

**WE STIPULATE TO THIS:**

Dated: June 25, 2026.

Erin E. Murphy (Virginia Bar #73254)
James Y. Xi (*pro hac vice*)
Barrett L. Anderson (*pro hac vice*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com
barrett.anderson@clementmurphy.com

*/s/Craig C. Reilly*
Craig Crandall Reilly (Virginia Bar #20942)
LAW OFFICE OF CRAIG C. REILLY
429 North Saint Asaph Street
Alexandria, VA 22314
(703) 549-5355
Fax: (703) 549-5355
craig.reilly@ccreillylaw.com

*Counsel for Plaintiff NetChoice*

Triston Chase O'Savio (VSB. 100111)
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, VA 23219
T: 804.845.4898
tosavio@oag.state.va.us

*/s/ Erin B. Ashwell*
Benjamin L. Hatch (VSB No. 70116)
McGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, Virginia 23510
T: 757.640.3727
F: 757.640.3947
bhatch@mcguirewoods.com

Erin B. Ashwell (VSB No. 79538)
John D. Adams (VSB No. 65203)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: 804.775.1002
F: 804.698.2002
eashwell@mcguirewoods.com
jadams@mcguirewoods.com

*Counsel for Defendant Jay Jones, in his official capacity as Attorney General of the Commonwealth of Virginia*