**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

NETCHOICE,

*Plaintiff*,

v.

JAY JONES, in his official capacity as Attorney General of the Commonwealth of Virginia,

*Defendant.*

Civil Action No. 1:25-cv-02067

**ATTORNEY GENERAL'S BRIEF IN SUPPORT OF HIS MOTION TO COMPEL**

Tillman J. Breckenridge
SOLICITOR GENERAL
OFFICE OF THE ATTORNEY GENERAL

Triston Chase O'Savio (VSB. 100111)
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
T: 804.845.4898
tosavio@oag.state.va.us

Erin B. Ashwell (VSB No. 79538)
John D. Adams (VSB No. 65203)
John J. Woolard (VSB No. 92612)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
T: 804.775.1002
F: 804.698.2002
eashwell@mcguirewoods.com
jadams@mcguirewoods.com
jwoolard@mcguirewoods.com

Benjamin L. Hatch (VSB No. 70116)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, Virginia 23510
T: 757.640.3727
F: 757.640.3947
bhatch@mcguirewoods.com

Defendant Jay Jones, in his official capacity as Attorney General of the Commonwealth of Virginia (the "Attorney General"), by counsel and pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Local Civil Rule 37 of the Eastern District of Virginia, submits this Memorandum in support of his Motion to Compel (the "Motion"):

## LOCAL RULE 37 CERTIFICATION

Counsel for the Attorney General has attempted in good faith to resolve the issues present in this Motion with counsel for NetChoice. Counsel have spoken via videoconference.

## INTRODUCTION

Faced with a challenge to SB 854—the bipartisan, unanimously passed statute that Virginia enacted to counter the tide of harm to its children caused by social media—the Attorney General is entitled to take discovery related to key issues in this case, like addiction. NetChoice is obligated to answer that discovery in a timely fashion. Yet, in a case with tight deadlines for expert disclosures and the close of discovery, NetChoice has yet to produce any documents and has refused to produce evidence regarding social media's harms. And it has dragged its feet on identifying if and when it will meet its discovery obligations.

As explained below, the parties have reached an impasse on: (1) three of the Attorney General's Requests for Production (all relating to allegations of NetChoice's complaint) and (2) the timeline for NetChoice's document responses (which are long overdue). In reaching this point, the Attorney General has repeatedly met and conferred to limit the dispute, but NetChoice has slow-walked its communications, changed positions, and has yet to produce a single document.

The parties are under a tight timeline. A case concerning whether the will of the Commonwealth's citizens may stand should be decided after careful factual work, and one party should not be permitted to put a thumb on the scale of the matter by failing to produce documents.

This Court should grant the Motion.

## BACKGROUND

NetChoice has resisted discovery and fought the advancement of this matter beyond the preliminary injunction stage. When the Court issued its ruling on the Motion for a Preliminary Injunction, the parties' agreed stay ended. After NetChoice then failed to timely file a response to the Attorney General's Motion to Dismiss,[1] the Attorney General filed an answer and shortly thereafter propounded discovery, issuing interrogatories and requests for production on May 18, 2026. *See* **Exhibit A**. Though discovery responses were due on June 17, 2026, NetChoice has yet to produce a single document. Further, NetChoice has asserted blanket, boilerplate objections, has contended it need not produce discovery related to the allegations of its own Complaint, and has prolonged the meet and confer process leading to this Motion by failing to identify when it was standing on its objections,[2] and then later reversing positions on the same.

In accordance with this Court's Local Rules, NetChoice issued objections on June 2, 2026. *See* **Exhibit B**. The Attorney General asked that NetChoice identify which objections it was standing on; NetChoice did not respond until June 17, the response date for documents and substantive responses to interrogatories, and even then, merely repeated its blanket objections. In its June 17 responses, NetChoice stood on its objections to a number of requests, including 15 of

[1] The Attorney General filed his Motion to Dismiss on January 26, 2026. ECF No. 40. On February 4, 2026, the Court deferred further briefing on the Motion to Dismiss until after it ruled on NetChoice's Motion for a Preliminary Injunction. ECF No. 48. The Court entered its preliminary injunction order on February 27, 2026. ECF No. 51. NetChoice never filed a response to the Motion to Dismiss thereafter. Eventually, in an effort to expedite the proceedings, the Attorney General withdrew the Motion to Dismiss on May 14, 2026, and answered NetChoice's Complaint that same day. ECF Nos. 64, 65.

[2] In its responses to the Requests for Production, NetChoice also fails to state "whether any responsive materials are being withheld on the basis of" its objections, as Rule 34 requires. Fed. R. Civ. P. 34(b)(2)(C). NetChoice states that its responses are made "[s]ubject to and without waiving [its] objections," *see* **Exhibit E**, which raises further questions about whether NetChoice has withheld responsive information based on its objections.

the 17 Requests for Production. *See* **Exhibit C**. It produced no documents. The Attorney General promptly sought a meet and confer, and met virtually the next day, on June 18. At that time, NetChoice indicated that it was largely standing on its objections, but agreed to reconsider some requests. The Attorney General wrote to confirm NetChoice's positions, *see* **Exhibit D,** and the parties held a subsequent meet and confer on June 24. NetChoice then backtracked—agreeing to produce some documents—while continuing to stand on its objections to three Requests for Production. But when NetChoice served supplemental responses on June 26, *see* **Exhibit E**, it provided no documents. It has merely stated that it will at some undetermined point in the future commence a rolling production of uncertain duration. With expert deadlines colliding fast, the Attorney General is prejudiced by this delay.

The parties have reached an impasse, and this Motion follows.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[D]iscovery need not be admissible in evidence to be discoverable." *Id.* Under Local Civil Rule 26(C), the receiving party must file objections to discovery requests no later than 15 days after service. *See* ECF No. 77 at 4. The receiving party then must provide substantive responses to discovery requests no later than 30 days after receiving service, unless the parties stipulate to a different deadline or the court orders one. *See* Fed. R. Civ. P. 34(b)(2); Local Civil Rule 26(C).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); *see also* Local Civil Rule 37(A). "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged

production should not be permitted." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012).

## ARGUMENT

The dispute between the Parties has narrowed to: (1) the three Requests for Production, and (2) the timeliness of NetChoice's production.

*First*, though NetChoice initially refused to produce documents in response to nearly all the Requests for Production, NetChoice now refuses to provide documents in its possession related to social media's effects and harms. In particular, the three at-issue requests state:

> 14. Produce all Documents in Your possession that relate to the effects of social media on the mental or physical health of children below the age of 16.
>
> 15. Produce all Documents in Your possession that relate to whether social media is addictive for children below the age of 16.
>
> 16. Produce all Documents that support Your assertion in Paragraph 108 of Your complaint, including the statement that Virginia lacks an important interest in protecting minors from addiction.

**Exhibit E** at 7-8 (cleaned up to only include the requests).

All three of these requests relate to a core issue in this litigation, *i.e.*, Virginia's compelling interest in protecting its youth. *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, 756-57 (1982) ("It is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.'"). NetChoice cannot refuse to respond to discovery to deprive the Attorney General of the *facts* needed to show that it is protecting youth from the physical and mental health harms suffered by children under the age of 16 from social media usage. Indeed, NetChoice has placed these facts directly at issue by alleging in its Complaint that Virginia cannot "justify SB 854 on the theory that it has an important interest in protecting minors from alleged 'addiction' to social media." *See* ECF No. 1 ¶ 108. NetChoice's

briefing on appeal similarly contests the links between social media, addiction, and associated harms to children. *See* NetChoice Merits Resp. Br., CA4 Dkt. 34, at 41-42.

Request Nos. 14, 15, and 16 all go to the heart of these disputed factual issues. Request No. 16 seeks documents backing up NetChoice's express allegation challenging Virginia's interest in protecting children from social-media addiction. It is expected that the facts uncovered by Request Nos. 14 and 15 will unveil that social media poses an unprecedented health crisis to those under the age of 16. The Attorney General expects to uncover facts that social media companies knew of the dangers their platforms posed to the Commonwealth's most vulnerable populations and either: (1) did nothing to alleviate that harm or (2) made insufficient efforts to address it. If NetChoice has countervailing evidence, the Attorney General is entitled to discover it.

But instead of producing relevant documents, NetChoice lodges a panoply of boilerplate objections. For example, NetChoice appears to contend that it does not grasp what a "document" is. *See* **Exhibit E** at Objections to Request No. 15 ("NetChoice also objects to this request as vague and ambiguous by calling for the production of all 'Documents' (a broadly defined term) which 'relate to whether social media is addictive'—a term that neither Defendant nor SB854 defines—for minors."); *see also id.* at Objections to Request No. 14 (similar). And, of course, the irony that NetChoice claims not to understand the meaning of the term "addictive" should not be lost. These sorts of word games are inappropriate. "Hyper-technical, quibbling, or evasive objections are not viewed with favor." *Avalos v. Carpenter*, No. 1:15-cv-00369, 2017 U.S. Dist. LEXIS 11878, at *2 (E.D. Cal. Jan. 26, 2017).

NetChoice's boilerplate objections do not stop there. It also objects to Request Nos. 14 and 15 on the grounds that they might "call[] for creation of documents that do not exist[.]" **Exhibit E** at 7-8. But neither Request asks NetChoice to create anything. Rather, they both ask for documents already in NetChoice's "possession." *See id.* NetChoice is objecting to strawmen.

If it possesses no documents, it need not produce any. But NetChoice is not willing to give a substantive response.

NetChoice also objects to Request Nos. 14-16 on the grounds of privilege. *See id.* at 7-9. But that a request theoretically requests some privileged documents—a matter which is already addressed by the production of a privilege log—is no grounds on which to wholly deny discovery. *See* Fed. R. Civ. P. 26(b)(5)(A). (NetChoice has yet to produce a privilege log.)

And producing a privilege log is all the more important in this case. NetChoice's privilege claims are insufficient. For example, NetChoice is objecting based on "other applicable privileges." *See* **Exhibit E** at 7-9. That is improper. If NetChoice is going to suppress relevant documents, it at least needs to say the basis on which it is doing so. It also proclaims that: "Communications between NetChoice and representatives of its Members relating to a legal matter and made with an expectation of confidentiality are privileged." *Id.* at 7-9. Maybe so. But the Attorney General is, at the very least, entitled to see a privilege log to test these claims.

At bottom, boilerplate objections are improper in the Eastern District of Virginia and elsewhere. *Ashghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 197601, at *5-6 (E.D. Va. May 31, 2016) ("Generalized, boilerplate objections such as these 'are highly disfavored in the Fourth Circuit.'"). And that prohibition on boilerplate objections is sensible—boilerplate objections often make little sense and serve only to delay and obfuscate the discovery process's truth-seeking function, as seen here. After all, if the Attorney General is expending the Commonwealth's resources to defend against a lawsuit with no evidentiary support, he is entitled to know as much.

NetChoice's actions here—or rather its inaction—is improper. "Full compliance with the Federal Rules is mandatory -- a plaintiff cannot simply 'opt out' of discovery after he or she initiates an action." *Dolzhenico v. City of L.A.*, No. CV 15-4581, 2016 U.S. Dist. LEXIS 192905,

at *23 n.13 (C.D. Cal. Oct. 28, 2016). NetChoice has an obligation to participate in discovery because it is the one that filed this suit. *Id.* ("[A]s the parties who brought this action, [Plaintiffs] have an obligation to provide Defendants with all of the discovery to which they are entitled.").

*Second*, those discovery obligations also require NetChoice to produce documents responsive to the Attorney General's Requests for Production—which NetChoice has to do. Two weeks have now passed since the June 17 response deadline, and NetChoice has not produced a single document, or even identified a date certain for its first production. The Attorney General's requests should not be difficult to address; most seek documents that NetChoice should have readily at hand, such as a membership list, non-privileged communications with its members concerning SB 854 or this lawsuit, and documents that provided the basis for specific allegations in the Complaint. *See* **Exhibit A**. NetChoice's failure to make timely productions is substantially interfering with the Attorney General's efforts to arrange for expert witnesses by its August 12, 2026, expert disclosure deadline, prepare for potential depositions, and confirm the scope of third-party discovery (likely substantial) the Attorney General will need to pursue. NetChoice's dilatory approach compromises the parties' ability to complete discovery by the September 11, 2026 deadline, which is a little over two months away. *See* ECF No. 77 at 1. The Attorney General respectfully asks the Court to order NetChoice to begin producing responsive documents within 7 days.

## CONCLUSION

The Attorney General respectfully requests the Court: (1) order NetChoice to respond fully to Requests for Production Nos. 14-16 within 7 days, (2) deem NetChoice's objections waived because of its use of boilerplate objections, and (3) order NetChoice to begin producing documents within 7 days.

Dated: July 2, 2026

Respectfully submitted,

JAY JONES, in his official capacity as
Attorney General of the Commonwealth of Virginia

*/s/ Erin B. Ashwell*

Erin B. Ashwell (VSB No. 79538)
John D. Adams (VSB No. 65203)
John J. Woolard (VSB No. 92612)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: 804.775.1002
F: 804.698.2002
eashwell@mcguirewoods.com
jadams@mcguirewoods.com
jwoolard@mcguirewoods.com

Benjamin L. Hatch (VSB No. 70116)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
T: 757.640.3727
F: 757.640.3947
bhatch@mcguirewoods.com

Tillman J. Breckenridge
SOLICITOR GENERAL
OFFICE OF THE ATTORNEY GENERAL

Triston Chase O'Savio (VSB. 100111)
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, VA 23219
T: 804.845.4898
tosavio@oag.state.va.us

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2026, a true and correct copy of the foregoing was served on all registered counsel of record via Notice of Electronic Filing through the Court's CM/ECF system.

*/s/ Erin B. Ashwell*
Erin B. Ashwell (VSB No. 79538)